UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CINZIA LETTIERI,                                      Civil Case No:
                                                      1:22-cv-5021
                            Plaintiff,
                                                      **COMPLAINT**
     -against-

ANTI-DEFAMATION LEAGUE FOUNDATION, d/b/a              PLAINTIFF DEMANDS
THE ANTI-DEFAMATION LEAGUE,                           A TRIAL BY JURY
ANTI-DEFAMATION LEAGUE, and
NICOLA STRAKER, individually,

                            Defendants.
------------------------------------------------------------------------X

      Plaintiff, CINZIA LETTIERI (hereinafter referred to as "Plaintiff"), by and through her attorneys, DEREK SMITH LAW GROUP, PLLC, hereby complains of Defendants ANTI-DEFAMATION LEAGUE FOUNDATION d/b/a THE ANTI-DEFAMATION LEAGUE, ANTI-DEFAMATION LEAGUE (hereinafter collectively referred to as "ADL"), and NICOLA STRAKER (hereinafter referred to as "STRAKER") (hereinafter collectively referred to as "Defendants"), upon information and belief, as follows:

**NATURE OF THE CASE**

1.     Plaintiff complains of Defendants pursuant to Title VII of the Civil Rights Act of 1964 a codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"), and to remedy violations of the laws of the State of New York and the New York City Administrative Code ("NYCHRL"), based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. § 1367, seeking declaratory and injunctive relief and damages to redress the injuries that Plaintiff suffered as a result of, *inter alia*, race discrimination and pregnancy

discrimination, together with a hostile work environment, retaliation, and unlawful termination by Defendants.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title VII. The Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto. This action involves questions of Federal law.

3. Additionally, this Court has supplemental jurisdiction under the State and City causes of action asserted herein.

4. On or about February 27, 2020, Plaintiff filed a Charge with the Equal Employment Opportunity Commission ("EEOC").

5. On or about March 17, 2022, Plaintiff received a Right to Sue Letter from the U.S. Equal Employment Opportunity Commission.

6. Plaintiff satisfied all administrative prerequisites and has filed this case within ninety (90) days of receiving the Right to Sue Letter.

7. Venue is proper in this District based upon the fact that the events or omissions which gave rise to the claims asserted herein occurred within the Southern District of New York.

## PARTIES

8. Plaintiff CINZIA LETTIERI is seeking damages to redress the injuries she has suffered as a result of being discriminated against, harassed, and retaliated against by Defendant ADL on the basis of her race and family status/pregnancy status (attempting to conceive).

9. Multiple federal courts have held that, as a matter of law, an employee's allegations that she notified her employer that she was trying to become pregnant, and was fired as a result, are sufficient to state a claim for violation of Title VII of the Civil Rights Act of 1964, as amended by

the Pregnancy Discrimination Act of 1978. See, e.g., *Dantuono v. Davis Vision, Inc. et al.*, No. 07 Civ. 2234 (TCP), 2009 WL 5196151, at *7 (E.D.N.Y. Dec. 29, 2009) (collecting citations).

10. Plaintiff is an individual woman residing in the State of Connecticut, County of Middlesex.

11. At all times material, Defendant ANTI-DEFAMATION LEAGUE FOUNDATION is a domestic not-for-profit corporation existing under the laws of the State of New York that does business in the state of New York.

12. At all times material, Defendant ANTI-DEFAMATION LEAGUE is a foreign not-for-profit corporation existing under the laws of the District of Columbia that does business in the state of New York.

13. At all times material, Defendants ANTI-DEFAMATION LEAGUE FOUNDATION and ANTI-DEFAMATION LEAGUE (collectively "ADL") jointly employed Plaintiff.

14. Per its website, the ADL's mission includes "fight[ing] all forms of hate" and "delivering anti-bias education."

15. At all times material, ADL's employee Defendant NICOLA STRAKER was and is the ADL's Education Director.

16. At all times material, STRAKER held supervisory authority over Plaintiff with regard to her employment.

## MATERIAL FACTS

17. Defendant ADL hired Plaintiff in about September 2019 as an Associate Education Director, based in its office in New York City.

18. Upon information and belief, the decision to hire Plaintiff was made by the ADL's Albany-based Education Director and a National Education Director who is no longer affiliated with the ADL.

19. In or around November 2019, Plaintiff informed STRAKER and her coworkers that she planned to marry later that year and would then try to get pregnant.

20. After Plaintiff's upcoming marriage and family plans became known, STRAKER began asking coworkers about Plaintiff's family status and making false and disparaging comments to the effect that "all Cinzia does in the office is plan her wedding."

21. In or around December 2019, Plaintiff asked STRAKER to refrain from making these discriminatory and unprofessional comments.

22. Throughout the course of her employment, Defendant STRAKER discriminated against Plaintiff on the basis of her family/pregnancy status (married, attempting to conceive a child).

23. Additionally, Defendant STRAKER (who is African-American) consistently treated Plaintiff less favorably than her African-American coworkers (Plaintiff is Caucasian).

24. By way of example only, ADL's employee, HOWLATU SOWE ("SOWE") (who is African-American) consistently underperformed. As a result of SOWE's poor performance, Plaintiff and others in the office often needed to work harder and do SOWE's job for her.

25. Around December 2019, Plaintiff and another coworker complained to Defendant STRAKER regarding SOWE's performance issues. Defendant STRAKER responded that they needed to help SOWE "get over her learning curve."

26. In retaliation for Plaintiff's complaints, STRAKER began assigning Plaintiff work that was beyond the scope of her duties/responsibilities. By way of example only, STRAKER delegated certain training sessions in New Jersey to Plaintiff, despite STRAKER'S own designation as the staffer responsible for New Jersey-based trainings.

27. In particular, Plaintiff was assigned to conduct a very large training (with 240 attendees) in late December 2019 or early January 2020 that should have been conducted by STRAKER.

28. On or about January 27, 2020, Plaintiff was called into the Human Resources office and, in the presence of Defendant STRAKER and ADL's Human Resources Specialist, CINDY SCHWARTZ ("SCHWARTZ"), given the choice to resign or be terminated two weeks later.

29. Plaintiff asked why she was being forced to resign. Defendant STRAKER informed Plaintiff that she was terminated for alleged "poor performance."

30. Plaintiff was not put on a performance review or performance improvement plan as the ADL's Employee Handbook recommends, nor verbally reprimanded or coached about her performance, even informally.

31. Moreover, Plaintiff's assigned mentor at the Company, Kiesha Edge, had never conveyed that her performance was lacking, and had even indicated that in recent conversations, STRAKER had mentioned that Plaintiff was doing a "great job."

32. Further, during Plaintiff's time at the ADL, up until the meeting where her performance was criticized as "poor," Plaintiff had been given ever-increasing responsibilities and assignments.

33. Notably, SOWE never did get over her learning curve, and as of Plaintiff's final days in the office, SOWE'S performance and work ethic continued to be subpar. But upon information and belief, SOWE was never reprimanded, much less forced to resign.

34. Upon information and belief, employees with jobs similar to Plaintiff's but who are African-American or who are not recently married and not known to be trying to have children have never been reprimanded or terminated for reasons similar to the excuses offered to Plaintiff.

35. In light of these facts, and genuinely confused by the claim that her performance was poor, Plaintiff demanded examples of her poor performance.

36. "Poor performance" was a demonstrably false basis for Plaintiff's termination, and a pretext for unlawful discrimination and retaliation.

37. In fact, the very next day Defendant STRAKER sent Plaintiff to the United Jewish Appeal (UJA) to solicit a large grant, an important and sensitive assignment. Plaintiff ably performed the assignment, and the day after Plaintiff's presentation, the UJA invited the ADL to submit a formal proposal for a multi-year grant.

38. Defendants terminated Plaintiff because she was engaged to be married, and intended to promptly have a child after her wedding.

39. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

40. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continued to suffer severe emotional distress.

41. As a result of Defendants' unlawful and discriminatory conduct, Plaintiff has endured unwarranted financial hardship.

42. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

43. Plaintiff claims constructive and/or actual discharge and also seeks reinstatement.

44. Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

45. Plaintiff claims alternatively that she is an Independent Contractor, and Plaintiff makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors.

46. As a result of Defendants' actions, Plaintiff claims further aggravation, activation, and/or exacerbation of her preexisting conditions.

47. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against Defendants, jointly and severally.

48. The above are just some examples of the discriminatory, hostile, and retaliatory environment to which Defendants subjected Plaintiff.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
## (AGAINST DEFENDANT ADL)

49. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

50. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a) [Section 703] provides that it shall be an unlawful employment practice for an employer:

(a) Employer practices It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

51. Moreover, Title VII, as amended in 1978 by the Pregnancy Discrimination Act, provides that "women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment related purposes . . . as other persons not so affected but similar in their ability or inability to work." 42 U.S.C. § 2000e(k).

52. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq.*, by discriminating against Plaintiff on the basis of her race and impending pregnancy, together

with creating a hostile work environment based on the same.

53. Plaintiff hereby makes a claim against Defendants under all the applicable paragraphs of Title VII.

54. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A SECOND CAUSE OF ACTION
### FOR RETALIATION UNDER TITLE VII
### (AGAINST DEFENDANT ADL)

55. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

56. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) [Section 704] provides that it shall be unlawful employment practice for an employer:

"(1) to …discriminate against any of his employees … because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

57. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq. by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants.

58. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A THIRD CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### NEW YORK STATE LAW
### (AGAINST ALL DEFENDANTS)

59. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

60. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a)

For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

61. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her race, marital status, impending pregnancy, and subjecting Plaintiff to a hostile work environment.

62. Plaintiff hereby makes a claim against Defendant under all of the applicable paragraphs of Executive Law Section 296.

63. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A FOURTH CAUSE OF ACTION
## FOR RETALIATION UNDER
## NEW YORK STATE LAW
## (AGAINST ALL DEFENDANTS)

64. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

65. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

66. Defendants engaged in an unlawful discriminatory practice by retaliating, suspending, and otherwise discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of Plaintiff's opposition to the unlawful practices of Defendants.

67. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs

of New York State Executive Law § 296.

68. Defendants engaged in an unlawful discriminatory practice by wrongfully retaliating against Plaintiff.

69. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A FIFTH CAUSE OF ACTION
## FOR AIDING AND ABETTING UNDER
## NEW YORK STATE LAW
## (AGAINST ALL DEFENDANTS)

70. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

71. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

72. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the discriminatory behavior as stated herein.

73. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SIXTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

74. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

75. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or

to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

76. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, by creating and maintaining discriminatory working conditions and a hostile work environment, and otherwise discriminating against the Plaintiff because of Plaintiff's race, marital status and impending pregnancy, together with subjecting Plaintiff to a hostile work environment based on the same.

77. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code.

78. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A SEVENTH CAUSE OF ACTION
### FOR RETALIATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (AGAINST ALL DEFENDANTS)

79. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

80. The New York City Administrative Code Title 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer, . , to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter."

81. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1) (e) by discriminating and retaliating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of her employer.

82. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code.

83. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS AN EIGHTH CAUSE OF ACTION
FOR AIDING AND ABETTING UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE
(AGAINST ALL DEFENDANTS)**

84. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

85. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

86. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

87. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code.

88. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A NINTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE
(AGAINST ALL DEFENDANTS)**

89. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

90. Section 8-107(19), entitled Interference with protected rights provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

91. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A TENTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (AGAINST ALL DEFENDANTS)

92. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

93. Section 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section." b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

94. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### JURY DEMAND

Plaintiff demands a jury trial on all issues to be tried.

**WHEREFORE,** Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated:   New York, New York
         June 15, 2022

**DEREK SMITH LAW GROUP, PLLC**
*Attorneys for Plaintiff*


Zack Holzberg, Esq.
One Penn Plaza, Suite 4905
New York, NY 10119
(212) 587-0760